UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS GONZALAS,<br><br>   Petitioner,<br>   v.<br>BRIAN WILLIMAS, et al.,<br><br>   Respondents. | Case No. 2:17-cv-01653-RFB-GWF<br><br>ORDER |

On February 6, 2018, this court granted petitioner Luis Gonzalas' motion for counsel and appointed the Federal Public Defender to represent petitioner in this action (ECF No. 7). On March 8, 2018, C.B. Kirschner of the Federal Public Defender's Office appeared on behalf of petitioner (ECF No. 10). The court now sets a schedule for further proceedings in this action.

**IT IS THEREFORE ORDERED** that counsel for petitioner shall meet with petitioner as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus relief in petitioner's case; and (c) advise petitioner that all possible grounds for habeas corpus relief must be raised at this time in this action and that the failure to do so will likely result in any omitted grounds being barred from future review.

1

**IT IS FURTHER ORDERED** that petitioner shall have **ninety (90) days** from the date of this order to FILE AND SERVE on respondents an amended petition for writ of habeas corpus, which shall include all known grounds for relief (both exhausted and unexhausted).

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If petitioner does not file an amended petition, respondents shall have forty-five (45) days from the date on which the amended petition is due within which to answer, or otherwise respond to, petitioner's original petition. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including

exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by the parties herein shall be filed with an index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed shall further be identified by the number or letter of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that the parties **SHALL SEND** courtesy copies of all exhibits to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

DATED: 20 March 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE