UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LUIS GONZALAS,<br><br>         Petitioner,<br>  v.<br>BRIAN WILLIMAS, et al.,<br><br>         Respondents. | Case No. 2:17-cv-01653-RFB-GWF<br><br>ORDER |

Luis Gonzalas' 28 U.S.C. § 2254 Habeas Corpus Petition is before the Court on Respondents' Motion to Dismiss one ground as unexhausted (ECF No. 20). Gonzalas opposed and Respondents replied (ECF Nos. 30, 33).

### I. **Procedural History and Background**

In December 2007, a jury convicted Gonzalas of first-degree murder with use of a deadly weapon. Ex. 35, ECF No. 25.[1] The state district court sentenced him to life in prison with the possibility of parole, with an equal and consecutive term for the deadly weapon. Ex. 44, ECF No. 25.

The Supreme Court of Nevada affirmed Gonzalas' conviction and affirmed the denial of his state postconviction habeas petition. Ex. 81, ECF No. 27; Ex. 153, ECF No. 29.

---

[1] The Exhibits referenced in this Order are exhibits to Respondents' Motion to Dismiss (ECF No. 20) and are found at ECF Nos. 21-29.

1

Gonzalas dispatched his federal habeas petition for filing about May 25, 2017. ECF No. 8. This Court granted his Motion for Appointment of Counsel, and Gonzalas filed an Amended Petition through counsel. ECF No. 18. Respondents now move to dismiss ground A(3) as unexhausted. ECF No. 20 at 6-7.

**I.    Legal Standards & Analysis**

    **a. Exhaustion**

Respondents point out that Petitioner has acknowledged that ground A(3) is unexhausted. Id. at 7.

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in 28 U.S.C. § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." Rose v. Lundy, 455 U.S. 509, 518 (1982); O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." Picard v. Connor, 404 U.S. 270, 276 (1971) (citations omitted). The federal constitutional implications of a claim, not just issues of state law, must have been

raised in the state court to achieve exhaustion. See id. at 276-78. To achieve exhaustion, the state court must be "alerted to the fact that the prisoner[] [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." Lundy, 455 U.S. at 520. "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala, 195 F.3d at 1106 (citation omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. Bland v. California Dept. Of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, Nevius v. Sumner, 852 F.2d 463, 470 (9th Cir. 1988), or where different facts are presented at the federal level to support the same theory, Pappageorge v. Sumner, 688 F.2d 1294, 1295 (9th Cir. 1982) (Ely, J., concurring).

**b. Procedural Default and Ineffective Assistance of Trial Counsel Claims**

In ground A(3) Gonzalas argues that his trial counsel rendered ineffective assistance when they failed to object to the State's use of his former gang membership as bad character evidence, in violation of his right to free association. ECF No. 18 at 15-17. Gonzalas concedes that this ground is unexhausted. ECF No. 30 at 4-6. He urges this Court to treat the claim as technically exhausted/procedurally defaulted. "Procedural default" refers to the situation in which a petitioner in fact presented a claim to the state

courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> The Coleman Court explained the effect of a procedural default:
>
> > In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750.

Gonzalas describes a claim as "technically exhausted" if the state courts would no longer review it on the merits. Gonzalas acknowledges that that would be the case if he tried to submit a new petition with these claims to the state courts. ECF No. 30 at 4-6. First, the state courts would find Gonzalas' petition time-barred, because he would be filing it outside the one-year statute of limitations. Id. at 4-5 (citing NRS 34.726). Second, the state courts would find the petition successive, because he has already filed a previous petition. Id. (citing NRS 34.810). Gonzalas agrees that the state courts would almost certainly apply those procedural bars and argues that therefore he does not have an available remedy in state court. Id. at 6. However, he asserts that he can demonstrate cause and prejudice to excuse the procedural default. Id. at 6-13.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986) (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. Id. at 492.

In federal habeas cases arising out of Nevada, the state courts generally apply substantially the same standards as the federal courts in determining whether a petitioner

4

can demonstrate either cause or actual innocence in order to overcome a claimed procedural default. Robinson v. Ignacio, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004). Thus, if a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then she cannot establish that "'it is clear that the state court would hold the claim procedurally barred.'" Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002) (quoting Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002)). On the other hand, if the petitioner has no such potentially viable arguments, then the claim indeed is technically exhausted; but it also is subject to immediate dismissal with prejudice as procedurally defaulted.

Ineffective assistance of counsel claims present a different situation in this context. Gonzalas argues that he can show cause and prejudice and that the default of ground A(3) should be excused under Martinez v. Ryan, 566 U.S. 1 (2012), because he received ineffective assistance of state postconviction counsel. ECF No. 30 at 6-13.

The Court in Coleman held that ineffective assistance of counsel in postconviction proceedings does not establish cause for the procedural default of a claim. *Coleman*, 501 U.S. at 752-54. In Martinez, the Court established a "narrow exception" to that rule. 566 U.S. at 9. The Court explained that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 17.

The Ninth Circuit has provided guidelines for applying Martinez, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that [Petitioner] make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would

5

> have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014) (citations omitted).

Here, the Martinez analysis with respect to ground A(3) appears intertwined, to a large extent, with the analysis of the merit of the underlying ineffective assistance claim at trial. The parties have briefed whether Gonzalas' postconviction counsel was ineffective under Strickland v. Washington and whether the underlying ineffective assistance claim is substantial. In the interests of judicial efficiency, the Court will defer ruling on the Martinez issue to the merits disposition of Gonzalas' Petition. Therefore, the Court denies the Motion to Dismiss at this point but defers a determination as to whether Gonzalas has demonstrated cause and prejudice to excuse the procedural default of ground A(3).

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 20) is **DENIED** as set forth in this Order.

**IT IS FURTHER ORDERED** that Respondents' Motion for Extension of Time to File a Response to the Amended Petition (ECF No. 19) is **GRANTED** *nunc pro tunc.*

**IT IS FURTHER ORDERED** that Respondents shall have **sixty (60) days** from the date this Order is entered within which to file an Answer to the Amended Petition.

**IT IS FURTHER ORDERED** that Petitioner shall have **forty-five (45) days** following service of Respondents' Answer in which to file a Reply.

DATED: 13 December 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE